IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> CARA A. EHEGARTNER, Individually; and TWISTED VINE, LLC, an unknown business entity, <br><br> Defendants. | 8:18CV75 <br><br> ORDER |

Plaintiff has moved to strike all allegations labelled as affirmative defenses within Defendant's answer, arguing "the grounds that Defendants' Affirmative Defenses are insufficient under the Federal Rules of Civil Procedure and applicable authority." (Filing No. 11). For the reasons stated below, Plaintiff's motion will be denied.

ANALYSIS

Under Rule 12(f) "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). While the court enjoys "liberal discretion" in determining whether to strike a party's pleadings, doing so is an "extreme measure" and thus motions to strike under Rule 12(f) are "infrequently granted." Stanbury Law Firm v. I.R.S., 221 F.3d 1059, 1063 (8th Cir. 2000).

The purpose of a Rule 12(f) motion to strike is to "minimize delay, prejudice, and confusion." Infogroup, Inc. v. Database LLC, 95 F. Supp. 3d 1170, 1195 (D. Neb. 2015) (Gerrard, J.) (internal citations omitted). But when abused,

Rule 12(f) often produces the opposite effect by creating disputes and delaying proceedings. Id.; see also Stanbury, 221 F.3d at 1063. So a motion to strike under Rule 12(f) will not be granted "in the absence of some showing of prejudicial harm" to the movant. Oglesby v. Lesan, 2017 WL 2345666, at *2 (D. Neb. May 30, 2017).

When considering motions to strike, the court looks past the parties' labels and evaluates the actual allegations within the pleading. As applied to answers, defenses that do not negate elements of a claim or defenses asserting that no viable claim has been alleged, should generally not be designated as an "affirmative defense." "It does not follow, however, that the defense must be stricken due to its mistaken designation. On the contrary, such errors are routinely disregarded." Bank of Beaver City v. Sw. Feeders, L.L.C., 2011 WL 4632887, at *9 (D. Neb. Oct. 4, 2011) (Urbom, J.).

> [A]s long as the pleading clearly indicates the allegations in the complaint that are intended to be placed in issue, the improper designation should not operate to prejudice the pleader. If the plaintiff has been given "plain notice" of the matters to be litigated, which is all the federal pleading rules require, he should be put to his proof on those issues irrespective of any error by the defendant regarding terminology.

5 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1269 (3d ed. 2011). Despite an erroneous "affirmative defense" label, defenses which notify plaintiff that it will be put to its proof are not insufficient as a matter of law and will not be stricken. Bank of Beaver City, 2011 WL 4632887, at *9; see also Infogroup, Inc., 95 F. Supp. 3d at 1195 n. 26.

Finally, the plausibility pleading requirements applicable to Plaintiff's claims under Rule 8(a) of the Federal Rules of Civil Procedure, as espoused by Ashcroft v. Iqbal, 556 U.S. 662 (2009) and Bell Atl. Corp. v. Twombly, 550 U.S. 544

(2007), do not apply to defenses alleged under Rules 8(b) and 8(c). Zotos v. Lindbergh Sch. Dist., 121 F.3d 356, 361 (8th Cir.1997); Infogroup, Inc. v. Database LLC, 95 F. Supp. 3d at 1193 (D. Neb. 2015); Bank of Beaver City, 2011 WL 4632887, at *6. An alleged defense need only "affirmatively state any avoidance or affirmative relief." Fed. R. Civ. P 8(c).

Plaintiff moved to strike all allegations raised in Defendant's Answer under the title "AFFIRMATIVE DEFENSES[,]" (Filing No. 6, at CM/ECF p. 4), beginning with the defense of failure to state a claim, (paragraph 1). Failure to state a claim is not–in and of itself–an affirmative defense, but it may be based on an affirmative defense, e.g., the statute of limitations. The defense of "failure to state a claim upon which relief can be granted . . . may be raised . . . in any pleading." Fed. R. Civ. P. 12(h)(2). Plaintiff has failed to show any prejudice arising because this defense was alleged under the title "affirmative defenses" in Defendant's answer. As such, it will not be stricken from the answer.

Defendant alleges Plaintiff cannot prove a claim for enhanced damages or for violating any cable or satellite programming license or authorization, (paragraphs 2 and 6). These defenses challenge whether plaintiff can prove an element of Plaintiff's claim, and they are therefore not affirmative defenses. Defendant was not required to identify any specific elements of Plaintiff's claim that Defendant intends to challenge in its answer. But by doing so, Plaintiff is not prejudiced. Instead, it is better apprised of primary issues in dispute. Paragraphs 2 and 6 will not be stricken merely because they were incorrectly identified as affirmative defenses.

Paragraphs 3, 4, 5, 7, and 8 of the affirmatives defenses allege Plaintiff's statutory penalty demands are excessive under the Due Process Clause, its

claims are barred by the doctrine of acquiescence and the statute of limitations, and Plaintiff's entitlement to relief, if any, is limited due to payment and Plaintiff's failure to mitigate. As to each of these allegations, Defendant is stating that even if Plaintiff proves the elements of its claims, it is not entitled to recover all or a portion of the relief requested. By raising these allegations in the answer, Defendant has affirmatively stated an avoidance or affirmative defense to Plaintiff's claim. Fed. R. Civ. P. 8(c). While Plaintiff's brief also argues the merits of Defendant's affirmative defenses, these arguments are not properly raised on a motion to strike. They will not be addressed in this order.

Finally, paragraph 9 states Defendant reserves the right to raise additional defenses supported by the discovery. This allegation appears limitless, but in reality, this court will not permit a party to proceed on allegations that are not specifically raised by the deadline set for moving to amend pleadings. That deadline will be set in the final progression order, which will be entered after the court rules on Defendant's anticipated motion for summary judgment on the statute of limitations affirmative defense. As such, paragraph 9 will not be stricken.

Accordingly,

IT IS ORDERED that Plaintiff's motion to strike, (Filing No. 11), is denied.

April 25, 2018.

                                            BY THE COURT:

                                            *s/ Cheryl R. Zwart*
                                            United States Magistrate Judge